Upson, J.
The question to be decided in this case is whether the lien of .the judgment recovered by Ward & Custis, against G-ustin, is prior to both, or either, of the mortgages made by him to secure the payment of the purchase price of the real estate embraced in the mortgages. The statute provides that the lands of the judgment debtor, “ within the county, where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered.” The lien of a judgment, by force of this provision of the statute, therefore attaches to all lands, within the county, owned by the judgment debtor on the first day of the term, and as by a fiction of the common law the whole of a term of court is considered as one day, such lien will attach, without levy, to any lands acquired by the judgment debtor at any time during the term at which the judgment is recovered. It is upon this ground contended that, as soon as it was entered, the Ward & Custis judgment bound the land previously purchased, during the same term of court, by Gustin, and under ordinary circumstances this claim could be sustained. The facts found by the district court, however, bring this case within the operation of a principle which constitutes an exception to the general rules governing judgment liens. This principle is, that a mortgage given to secure the payment of purchase money, executed simultaneously with the deed to the purchaser, is superior to the- lien of a judgment *364 against the mortgagor, or any claim against him. This principle applies to the exclusion of intervening liens only when the deed and mortgage are executed at the same time, so as to be regarded as parts of the same contract. In such case there is no interval of time between the taking of the estate by the purchaser and his conveyance of it to the mortgagee. The seizin of the purchaser is instantaneous only, and does not vest in him a title to which the judgment lien can attach in preference to the mortgage. It is well settled that no judgment lien can be a charge upon any greater interest than the defendant owns, and the only interest acquired by Gustin was the title to the land subject to the mortgages, and upon that interest alone the judgment became a lien. In accordance with these principles it has been held in several cases, decided by this court, that when the deed and purchase money mortgage are executed simultaneously, the purchaser acquires no seizin that will entitle his wife to dower, notwithstanding the provision of the statute that, “ a widow shall be endowed of one-third part of all the lands, tenements and real estate of which her husband was seized as an estate of inheritance at any time during the coverture.” The same principles have, in other states, been applied to the exclusion of liens for labor and materials, and claims for homestead exemptions. The rule thus established, and applied to purchase money mortgages alone, is manifestly just and equitable. The mortgage to Mary A. McCurdy was executed’ and delivered by Gustin, at the date of her deed to him, .and as part of the same transaction. That mortgage is therefore clearly within the rule stated. In regard to the mortgage made by Gustin to the Building and Loan Association, it was found, by the district court, that the parties agreed that this should be the first lien upon the property; that it was executed at the same time with the deed to Gustin, and that both deed and mortgage were then placed in the hands of the agent of the association to be by him handed to the recorder for record, but it is claimed by counsel for plaintiff in error that this mortgage was not given for purchase money ; that the transaction was in law a payment of the debt due from Mary A. McCurdy to *365 the association, and a loan by the latter to G-ustin. Conceding that this arrangement is to be regarded as the making of a loan to Gustin, the case still comes within the same principles, for the substance of the transaction was the same, and it will so be treated in equity, as if the note and mortgage had been made to Mrs. McCurdy in part payment for the pro'perty, and had been by her transferred to the association. The effect of the arrangement was to continue the lien of the association without interruption. The mortgage must be considered a purchase money mortgage, and the association in respect thereto is entitled to all the rights of a vendor.

Motion overruled.